UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN E. VOLLAND,<br><br>　　　　　　　　Plaintiff,<br><br>-against-<br><br>COREY FIFIELD; MICHAEL SHUDT;<br>WATERFORD POLICE DEPT.,<br><br>　　　　　　　　Defendants. | 23-CV-0037 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jonathan Volland, who is currently incarcerated at Saratoga County Correctional Facility, brings this action on behalf of himself and his minor son.[1] He alleges that Defendants violated his rights in Waterford, New York. Named as Defendants are the Waterford Police Department and two of its police officers, Corey Fifield and Michael Shudt. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of New York.

### DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any court submissions referring to a minor must only include the minor's initials. Because it appears that Plaintiff has included the full name of his minor son in the complaint, in an abundance of caution, the Court directs the Clerk of Court to limit access to Plaintiff's complaint on the court's CM/ECF website to a "case participant-only" basis.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights in Waterford, New York. He does not plead the residence of any of the defendants, but he asserts that the events giving rise to his claims occurred in Waterford, New York, which is located in Saratoga County, New York, in the Northern District of New York. Because the Waterford Police Department, where the two police officers are employed, is located in Saratoga County and the alleged events occurred in Saratoga County, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Saratoga County, which is in the Northern District of New York. *See* 28 U.S.C. § 112(a). Accordingly, venue lies in the Northern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, to limit access to Plaintiff's complaint on the court's CM/ECF website to a "case participant-only" basis.

The Clerk of Court is further directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed

further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  January 13, 2023
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge